UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COREY WOOLEY                                                                    Plaintiff

v.                                                          Civil Action No. 3:21-cv-P67-RGJ

WARDEN AMY ROBEY                                                            Defendant

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Corey Wooley filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. Plaintiff filed a complaint on his own paper (DN 1). The Clerk of Court issued a notice of deficiency directing Plaintiff to file the complaint on the Court's approved § 1983 form (DN 3), and Plaintiff complied (DN 1-3). The first-filed complaint and the complaint filed on the Court-approved form are now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

## I.  SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate at the Luther Luckett Correctional Complex (LLCC). In the first-filed complaint, Plaintiff names the following Defendants: Warden Amy Robey; the Department of Corrections (DOC); Officer Cook; Officer Heitzman; UA Helen Long; UA Harlan; and Captain Crawford. In the complaint filed on the § 1983 form, Plaintiff sues the above listed Defendants and additionally names as a Defendant Paige McGuire, whom he identifies as a psychologist at LLCC. Plaintiff sues each Defendant in his or her individual and official capacities.[1]

---

[1] Plaintiff states in the first-filed complaint that he is suing each Defendant in his or her individual and official capacities. He indicates in the complaint filed on the form that he is suing each Defendant in both

Plaintiff states that he has been housed in the Restricted Housing Unit (RHU) since June 3, 2020, after he "was stabbed in the face and body due to a inmate taking a (hit) out on the plaintiff."[2] Plaintiff states that while he has been housed in the RHU, he has been made to wear "a suicide smock, suicide blanket or 'security blanket,' made to eat with a paper spoon and rubber tray, and given a pair of paper underwear and is currently still in tis attire as of 2-14-21 and has been since 6-3-2020." He states that he has never informed LLCC staff that he wants to harm himself or someone else to warrant being issued a suicide smock or the other items. Plaintiff maintains, "When doing this to a sane, competent person whom has not informed staff or mental health of wanting to harm themselves or other there for treating them as a homicidal or suicidal person, this would be deemed as being deprived of ones Eighth Amendment Rights Concerning Cruel and Unusual Punishment." (Emphasis by Plaintiff omitted). Plaintiff asserts that being placed in these conditions also violates his Fourteenth Amendment right to due process.

Plaintiff alleges that he has been made "to endure cruel and unusual punishment at the hand of Warden Amy Robey which caused the plaintiff severe mental distress and emotional trauma causing damage to plaintiff, there for." (Emphasis by Plaintiff omitted). Plaintiff also states that Defendants Heitzman and Cook were the officers who placed him in the suicide attire and issued him the other items. In addition, Plaintiff states, "The defendants and all of them deprived the plaintiff of his Eighth Amendment Rights . . . when acting along or in complicity with each other when defendants placed the plaintiff in suicide attire . . . ."

As relief, Plaintiff seeks compensatory and punitive damages.

---

capacities, with the exception of Defendants Heitzman and Cook, whom he sues in their official capacities only. Construing the complaints broadly, as the Court is required to do at this stage, the Court construes the complaint as suing all Defendants in their individual and official capacities.

[2] The Court quotes the allegations in Plaintiff's complaint filed on the Court-approved form herein but notes that the substantive allegations in the first-filed complaint and in the complaint filed on the form are the same.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

### *A. DOC and official-capacity claims*

Plaintiff sues the DOC and each Defendant in his or her official capacity. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of LLCC and are therefore state employees. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. States, state agencies, and state employees sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state entity and state employees in their official capacities, he fails to allege cognizable claims under § 1983. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's claims against the DOC and his

4

official-capacity claims against the other Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Individual-capacity claims

### 1. Defendants Long, Harlan, Crawford, and McGuire

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The complaint contains no allegations of any personal involvement on the part of Defendants Long, Harlan, Crawford, or McGuire in the events alleged.

Moreover, Plaintiff's allegation that Defendants acted in "complicity" or conspiracy with other Defendants is also not sufficient to support a claim. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). A conspiracy will exist under § 1983 when there is "an agreement between two or more persons to injure another by unlawful action." *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). It must be shown that "there was a single plan, that the alleged coconspirator shared in the general conspiratorial

objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.* (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).   Upon review of Plaintiff's claims, it is evident that he has failed to plead his conspiracy claims with the requisite specificity.  Plaintiff's allegations are conclusory and do not support a claim that survives initial review.

Accordingly, the individual-capacity claims against Defendants Long, Harlan, Crawford, and McGuire must be dismissed for failure to state a claim upon which relief may be granted.

**2.  Defendants Robey, Cook, and Heitzman**

Plaintiff's conspiracy claims against Defendants Robey, Cook, and Heitzman must also be dismissed for the reasons discussed above.

Upon review, the Court will allow Plaintiff's claims for cruel and unusual punishment under the Eighth Amendment and for violation of due process under the Fourteenth Amendment to proceed against Defendants Robey, Cook, and Heitzman in their individual capacities based on Plaintiff's allegations concerning the conditions of his confinement in the RHU.  In allowing these claims to proceed, the Court passes no judgment on their outcome or ultimate merit.

## IV.  CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against the DOC and his official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendants Long, Harlan, Crawford, and McGuire and his conspiracy claims against all

Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is directed** to terminate Defendants Long, Harlan, Crawford, and McGuire as Defendants in the docket sheet as no claims remain against them.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:     August 9, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A961.010

7